BENJAMIN C. MIZER
Principle Deputy Assistant Attorney General
Civil Division

MICHAEL W. COTTER
United States Attorney
VICTORIA L. FRANCIS
Assistant U.S. Attorney
UNITED STATES ATTORNEY'S OFFICE
2601 Second Avenue North, Suite 3200
Billings, MT 59101
(406) 247-4633
victoria.francis@usdoj.gov

ERIC R. WOMACK
Assistant Branch Director
JAMES D. TODD, JR.
JOSEPH E. BORSON
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 514-3378
james.todd@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN ARAPAHO TRIBE, for itself and as *parens patriae*,<br><br>    Plaintiff,<br><br>    v.<br><br>DARRYL LaCOUNTE, LOUISE REYES, NORMA GOURNEAU, RAY NATION, MICHAEL BLACK, and other unknown individuals in their individual and official capacities,<br><br>    and<br><br>DARWIN ST. CLAIR and CLINT WAGON, Chairman and Co-Chairman of the Shoshone Business Council, in their individual and official capacities.<br><br>    Defendants. | No. 1:16-cv-11-BMM<br><br>FEDERAL DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY MARCH 24, 2016, ORDER |

## I. INTRODUCTION

Pursuant to L.R. 7.1(d)(1)(A), federal defendants Darryl LaCounte, Director of the Rocky Mountain Region of the Bureau of Indian Affairs ("BIA"), United States Department of the Interior; Louise Reyes, Indian Services Officer of the Rocky Mountain Region, BIA; Norma Gourneau, Superintendent of the Wind River Agency of the BIA; Ray Nation, Deputy Agency Superintendent of the Wind River Agency of the BIA; and Michael Black, Director of the BIA, file this brief in support of their motion to stay this Court's March 24, 2016, Order setting a pretrial conference, allowing discovery to commence, and setting other deadlines, insofar as it applies to federal defendants, until after this Court rules on federal defendants' motion to dismiss.

## II. BACKGROUND

1. Plaintiff Northern Arapaho Tribe filed a complaint against federal defendants as well as tribal defendants Darwin St. Claire and Clint Wagon. *See* Compl., ECF No. 1, Feb. 22, 2016. Nearly two weeks later, plaintiff filed a motion for preliminary injunction against all defendants. *See* Pl.'s Mot. for Prelim. Inj., ECF No. 17, Mar. 4, 2016. Tribal defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (6) & (7), or to stay or abstain, *see* Tribal Defs.' Mot. to Dismiss, Stay, or Abstain, ECF No. 25, Mar. 14, 2016, and a

response to plaintiff's preliminary injunction motion.  See Tribal Defs.' Mem. in Opp'n to Mot. for Prelim. Inj., ECF No. 40, Mar. 18, 2016.

2. On March 17, 2016, this Court entered an Order requiring federal defendants to file their motion to dismiss no later than April 22, 2016, and extending the time for federal defendants to respond to plaintiff's preliminary injunction motion to that same date.  See Order Granting Fed. Defs.' Mot. for Extension, ECF No. 39.  Absent extensions of time to file the response or the reply, federal defendants' motion to dismiss will be ripe for this Court's consideration after May 27, 2016.  See L.R. 7.1(d)(1)(B).

3. On March 24, 2016, this case was reassigned, see ECF No. 41, and this Court entered an order setting a preliminary pretrial conference for April 26, 2016, and allowing discovery to commence.  See Order, ECF No. 42.  That order also required the parties to meet and confer by April 12, 2016, to consider the matters listed in Fed. R. Civ. P. 26(f); and to jointly file by April 19, 2016, a discovery plan, a preliminary pretrial statement, and stipulated statement of facts. See id.

III. ARGUMENT

    A. **This Court Should Stay Its March 24 Order Pursuant to Rule 16(b)(4)**

This Court should stay its March 24, 2016, Order setting a preliminary pretrial conference, allowing discovery to commence, and setting out other

associated deadlines, insofar as it applies to federal defendants, until after the Court rules on federal defendants' motions to dismiss. Federal Rule 16(b)(4) allows a court to modify, for good cause, its case management schedule. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment). This Court's March 24 Order allows the parties to commence discovery; requires the parties to meet and confer to consider the matters set out in Rule 26(f); and requires the parties to file their discovery plans and statements of stipulated facts *before* federal defendants prepare and file their motion to dismiss. *See* Order, ECF No. 42. Additionally, the order sets the pretrial conference before federal defendants' motion to dismiss will be ripe for a decision by this Court. *See id.* The purpose of a motion to dismiss, however, "is to enable defendants to challenge the legal sufficiency of [a] complaint[] without subjecting themselves to discovery." *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (same); s*ee also Goraya v. Martinez*, No. 2:15-cv-2375, 2015 WL 7281611, at *1 (E.D. Cal. Nov. 18, 2015) ("Federal courts are presumptively without jurisdiction over civil actions") (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). In this case, federal defendants plan to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6)

& (7). Only after this Court decides that it has subject matter jurisdiction over plaintiff's claims and that plaintiff's claims against federal defendants are legally sufficient should it consider: allowing discovery to commence or requiring the parties to meet and confer to consider the matters in Rule 26(f), to file a discovery plan, a preliminary pretrial statement, and statement of stipulated facts, and to attend a preliminary pretrial conference. *Accord Zabeti v. Arkin*, No. 2:14-cv-18, 2014 WL 1764358, at *2-3 (D. Nev. Apr. 30, 2014) (vacating scheduling order and granting motion to stay discovery and disclosures pending determination of defendant's motion to dismiss).

Nor will staying the March 24 Order until after the Court rules on federal defendants' motion to dismiss prejudice plaintiff. Federal defendants have filed a declaration stating that they will not take any of the actions plaintiff seeks to preliminary enjoin while plaintiff's preliminary injunction motion is being briefed and decided by this Court. *See* Decl. of Darryl LaCounte in Support of Fed. Defs.' Mot. for Extension ¶ 4, ECF No. 36, Mar. 16, 2016. Thus, this Court should stay its March 24 Order, insofar as it applies to federal defendants, until after the Court rules on federal defendants' motion to dismiss.[1]

---

[1] Federal defendants also note that this case may be exempt from Rule 26's initial disclosure requirements because it appears to be an action for review on an administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i). Plaintiff's complaint challenges federal defendants' award of two contracts to the Shoshone Business Council on behalf of the Shoshone and Arapaho Business Council pursuant to the Indian Self Determination Act of 1975, Pub. L. No. 93-638 ("638"), 88 Stat. 2203, *codified as amended*, 25 U.S.C. § 450 *et seq. See* Compl. ¶¶ 68–82. As federal

## IV.    CONCLUSION

For good cause shown, this Court should grant federal defendants' motion to stay the March 24 Order, insofar as it applies to federal defendants, until after the Court rules on federal defendants' motion to dismiss.

---

defendants will demonstrate in the forthcoming motion to dismiss, plaintiff has not identified an applicable waiver of sovereign immunity (let alone the proper standard of review).  Plaintiff nevertheless appears to challenge the administrative decisions of federal defendants, review of which "is limited to the administrative record."  *Citizen Potawatomi Nation v. Salazar*, 624 F. Supp. 2d 103, 109 (D.D.C. 2009) (citing *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156 (D.C. Cir. 2003); *see also Southcentral Found. v. Roubideaux*, 48 F. Supp. 3d 1291, 1295 n. 20 (D. Alaska 2014) (deciding case based on materials provided in administrative record); *Samish Indian Nation v. U.S. Dep't of Interior*, No. 02-1955, 2004 WL 375321, at *4 (W.D. Wash. Feb. 6, 2004) (administrative record appropriate to review action concerning Interior's relationship with Tribe).  To extent this Court allows plaintiff's claims to proceed against federal defendants, plaintiff's case would likely be based on a review of an administrative record, and thus may be exempt from the pretrial conference and Rule 26(f) requirements.  *See* L.R. 16.2(a); 26.1(a).

Dated: April 5, 2016

        Respectfully Submitted,

        BENJAMIN C. MIZER
        Principle Deputy Assistant Attorney General
        Civil Division

        MICHAEL W. COTTER
        United States Attorney
        VICTORIA L. FRANCIS
        Assistant U.S. Attorney

        ERIC R. WOMACK
        Assistant Branch Director
        Federal Programs Branch

        <u>s/ James D. Todd, Jr.</u>
        JAMES D. TODD, JR.
        JOSEPH E. BORSON
        U.S. DEPARTMENT OF JUSTICE
        Civil Division, Federal Programs Branch

        Attorneys for Federal Defendants

## L.R. 7.1(d)(2)(E) CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word-count requirements of L.R. 7.1(d)(2)(A) .

> s/ James D. Todd, Jr.
> JAMES D. TODD, JR.

## CERTIFICATE OF SERVICE

I certify that on April 5, 2016, I electronically filed the foregoing filing. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

> s/ James D. Todd, Jr.
> JAMES D. TODD, JR.